UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GYTONIA CHEEK,

        Petitioner,

v.                                        Case No. 3:21-cv-842-TJC-LLL

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

        Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

### I.    Status

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), which was mailed from her correctional institution on August 26, 2021.[1] She challenges a 2012 state court (Putnam County, Florida) judgment of conviction for first degree murder, burglary with assault or battery while armed, and robbery with a deadly weapon. She is

---

[1] Petitioner did not sign or date the Petition, see Doc. 1 at 19, so it is unknown when she "delivered" it to prison officials for mailing. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."). For purposes of this Order, the Court presumes the mailing date stamped on the envelope is the filing date.

serving a life sentence. Respondents filed a Response (Doc. 7), with exhibits (Doc. 7-1),[2] arguing that this case is untimely filed and should be dismissed with prejudice. Petitioner was afforded an opportunity to file a reply, but she opted not to. See Orders (Docs. 3, 8, 10, 12, 16). This case is ripe for review.[3]

## II.   One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The exhibits are labeled "A" through "M," but the Court will cite to the exhibits collectively as "Resp. Ex." followed by the page number(s) assigned by the Court's electronic case management system.

[3] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On February, 23, 2012, a jury found Petitioner guilty of first degree murder, burglary with assault or battery while armed, and robbery with a deadly weapon. Resp. Ex. at 10-12. The same day, the trial court sentenced her to life in prison. Id. at 15-16, 18. Petitioner sought a direct appeal, and on August 27, 2013, the Fifth District Court of Appeal per curiam affirmed

Petitioner's conviction and sentence without a written opinion. Id. at 88. Petitioner's judgment and sentence became final ninety days later, on November 25, 2013. Her one-year statute of limitations began to run the next day, November 26, 2013, and ran for 365 days until it expired on November 26, 2014, without Petitioner having filed a motion that would toll her limitations period.

On September 18, 2015, well after her AEDPA statute of limitations period expired, Petitioner filed with the trial court a pro se motion under Florida Rule of Criminal Procedure 3.850. Id. at 92-96. That motion had no tolling effect under AEDPA, however, because Petitioner filed it after the limitations period expired, meaning "there [was] no period remaining to be tolled." See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). See also Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."). As such, the Petition, filed on August 26, 2021, is untimely.

Petitioner seemingly asks the Court to overlook this procedural bar by alleging a claim of actual innocence. See Doc. 1 at 5, 17. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). A petitioner seeking to avoid the one-year limitations period based on actual innocence must

4

"persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [the] petitioner to support [her] allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324. This standard is "'demanding' and seldom met." McQuiggin, 569 U.S. at 386 (quoting House v. Bell, 547 U.S. 518, 538 (2006)). See also Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) ("This exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence.").

Petitioner does not offer or point to any new evidence, much less "new reliable evidence," to establish her innocence as a matter of fact. For instance, she has not produced "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. See Schlup, 513 U.S. at 324. Instead, she argues the evidence adduced at trial was insufficient to sustain a guilty verdict against her. See Doc. 1 at 6-9. She explains that there was no physical or DNA evidence linking her to the crime scene or the murder, and the only two trial witnesses who connected her to the murder were "coerced and enticed" into testifying on behalf of the State in exchange for favorable plea bargains or were otherwise not credible. Id. at 6, 9.

5

Petitioner has failed to show that she is entitled to the "exceedingly narrow" actual innocence exception. See Johnson, 256 F.3d at 1171. She merely questions the sufficiency of the evidence submitted at trial—upon which the jury found her guilty—emphasizing that the primary witness against her suffered from mental health problems that caused memory loss and had been intoxicated and off her medication on the day of the murder. See Doc. 1 at 8. Considering the foregoing, the Court finds the Petition is untimely, and Petitioner has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon her.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.     The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2.     The **Clerk of Court** shall enter judgment dismissing the Petition and this case with prejudice.

3.     If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

6

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of August, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-6
c:
Gytonia Cheek, #V07973
Counsel of Record

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.